UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONYAE M. HAYWOOD,<br>    Petitioner,<br>v.<br>BROOMFIELD,<br>    Respondent. | Case No. 25-cv-04375-EKL<br><br>**ORDER SCREENING PETITION, ISSUING ORDER TO SHOW CAUSE** |

Petitioner Ronyae M. Haywood, a state prisoner, filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court. ECF No. 1. For the reasons set forth below, the Court issues an order to show cause.

**I.    BACKGROUND**

Haywood was convicted in 2021 of two counts of second degree murder, shooting at an occupied vehicle, unlawfully offering an assault weapon, and possession of a firearm by a felon. *See* ECF No. 1-1 at 1-2. The jury also found true enhancements for intentional discharge of a firearm causing great bodily injury and death, personal infliction of great bodily injury, and personal use of a firearm. *Id.* Haywood was sentenced to a term of 81 years to life. *Id.* at 2.

Per Haywood's petition, the underlying incident arose from a "firearm-trade gone wrong that left two people dead." ECF No. 1-1 at 4. Haywood and his pregnant girlfriend arranged to trade a rifle in exchange for marijuana and a Glock 27 handgun at a San Leandro Grocery Outlet parking lot. *Id.* The sequence of events after Haywood and his girlfriend arrived at the parking lot were in dispute at trial; however, at some point in the encounter, Haywood fired a .45 caliber pistol at a vehicle carrying a group of four men who were purchasing the rifle. *Id.* at 3-6. Two of

the men died from gunshot wounds. *Id.* at 8-9. At trial, Haywood alleged that he acted in self-defense after one of the men attempted to rob Haywood, placed a gun on his stomach, and another occupant of the vehicle said "shoot [him]." *Id.* at 5; *see id.* at 12-13. The prosecution argued that Haywood "did not reasonably believe each of the ten shots was necessary to protect against lethal threat." *Id.* The prosecution also disputed the allegation that the victims attempted to rob Haywood, arguing that security footage showed Haywood holding a bag of marijuana as the other car began pulling away. *Id.* at 13.

Officer John Robertson, who arrested Haywood, testified at trial that he punched Haywood as Haywood stepped out of his van and forced him to the ground "forcefully." ECF No. 1-1 at 14. When asked about his decision to do so, Robertson stated that Haywood was considered extremely armed and dangerous, and that "'he [had] already shown a propensity for violence in our eyes based on our investigation.'" *Id*. Haywood objected to Robertson's testimony on the basis that it was unfounded and prejudicial. *Id.* at 15-16. The objection was overruled, but Robertson was asked to clarify that his testimony was based only on his knowledge of the shooting at the Grocery Outlet parking lot. *Id.*

## II.  DISCUSSION

### A.  Standard of Review

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B.  Haywood's Claims

Haywood raises several claims in his petition: (1) his Fourteenth Amendment due process rights were violated when Officer Robertson testified as to Haywood's "propensity for violence," (ECF No. 1 at 5); (2) he was denied Fourteenth Amendment due process and a fair trial when the trial court misstated the law of self-defense and instructed the jury that each of Haywood's shots

1  must be analyzed as a separate act, effectively relieving the prosecution of its burden of proof; (3) he was denied Fourteenth Amendment due process when the trial court failed to instruct the jury that voluntary manslaughter based on imperfect self-defense can be predicated on using excessive force; (4) his Fourteenth Amendment due process rights were violated when he was convicted without sufficient evidence of malice; (5) he was denied due process when the trial court refused to strike all but one enhancement and sentencing him to four consecutive sentences for a single act of self-defense; (6) his Sixth Amendment rights were violated when trial counsel failed to argue for a reasonable sentence or present any evidence on Haywood's behalf at sentencing, thereby rendering ineffective assistance; (7) his Sixth Amendment rights were violated when he received ineffective assistance of appellate counsel, who failed to raise a claim of sufficiency of the evidence; and (8) he was denied Fourteenth Amendment due process and a fair trial due to the cumulative effect of the errors. *Id.* at 5-7. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (district courts have a "'duty . . . to construe pro se pleadings liberally'").

### III.  CONCLUSION

For good cause shown, the Court orders as follows:

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Haywood.

2. Respondent shall file with the Court and serve on Haywood, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Haywood a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3

If Haywood wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of his receipt of the answer.

3.      In lieu of filing an answer, Respondent may instead file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Haywood must serve and file an opposition or statement of non-opposition within 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition within 14 days after Haywood's opposition is served and filed.

4.      Haywood is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

5.      Haywood must also keep the Court and Respondent informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action without prejudice.

6.      Upon a showing of good cause, requests for a reasonable extension of time will be granted, provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated:   October 14, 2025

Eumi K. Lee
United States District Judge